IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMNIA ITALIAN DESIGN, INC., a California corporation, | No. |
| Plaintiff, | |
| v. | |
| OMNIA FURNITURE GROUP LLC, a Pennsylvania limited liability company; BARRY BREIBART, an individual; JENNIFER HARLEY, an individual; MICHAEL HARLEY, an individual; ANGELO RODRIGUEZ, an individual; and DOES 1-10, inclusive, | |
| Defendants. | **JURY TRIAL DEMANDED** |

### COMPLAINT

Plaintiff, OMNIA ITALIAN DESIGN, INC., complains and alleges against OMNIA FURNITURE GROUP, LLC, a Pennsylvania limited liability company; BARRY BREIBART, an individual; JENNIFER HARLEY, an individual; MICHAEL HARLEY, an individual; ANGELO RODRIGUEZ, an individual; and DOES 1-10 (collectively, the "Defendants") as follows:

### THE PARTIES

1.      Plaintiff, Omnia Italian Design, Inc. (hereinafter "Plaintiff"), is incorporated under the laws of the state of California with its principal place of business at 4950 Edison Avenue, Chino, California 91710.

2.      Upon information and belief, Defendant Omnia Furniture Group LLC (hereinafter "OFG"), is a Pennsylvania Limited Liability Company incorporated under the laws of the state of Pennsylvania, having a principal place of business located at 133 Post Oak Drive, Beaver Falls, Pennsylvania 15010.

3.     Upon information and belief, Defendant Barry Breibart (hereinafter "Breibart"), is an individual residing in Charleston, South Carolina.

4.     Upon information and belief, Defendant Jennifer Harley (hereinafter "J. Harley"), is an individual residing in Beaver Falls, Pennsylvania.

5.     Upon information and belief, Defendant Michael Harley (hereinafter "M. Harley"), is an individual residing in Beaver Falls, Pennsylvania.

6.     Upon information and belief, Defendant Angelo Rodriguez (hereinafter "Rodriguez"), is an individual residing in Middle Island, New York.

7.     Upon information and belief, Defendants Breibart, J. Harley, M. Harley, and Rodriguez (collectively, the "Individual Defendants"), are involved with the management and formation of OFG, and are principals, officers, agents, and/or employees of OFG.

8.     Plaintiff is further informed and believes that the Individual Defendants have directed and controlled the activities that form the basis of Plaintiff's claims of trademark infringement against Defendant, including the willful selection, adoption, and use of designations for goods and services that the Individual Defendants knew would create a likelihood of confusion with Plaintiff's trademark.  Upon such basis, Plaintiff is informed and believes that the Individual Defendants were the "moving force" who specifically directed and controlled OFG to commit the acts that constituted Defendants' infringement and contributory infringement of Plaintiff's trademark.

9.     The true names and capacities, whether individual, corporate, associate, or otherwise of DOES 1-10, inclusive, are unknown to Plaintiff, who therefore sues said DOES 1-10

by such fictitious names.  Plaintiff will seek leave of this Court to amend this Complaint to include their proper names and capacities when the same has been ascertained.

10.     Plaintiff is informed and believes, and on that basis alleges, that Defendants and each fictitiously named Defendant participated in and is in some manner responsible for the acts described in this Complaint and the damage resulting therefrom.

11.     Plaintiff is informed and believes, and on that basis alleges, that the Defendants have acted in concert and participation with each other concerning each of the claims in this Complaint.

12.     Defendants' concerted actions and participation concerning these claims constitutes a conspiracy to unfairly compete with Plaintiff and to violate Plaintiff's rights as alleged herein.

13.     Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants are empowered to act as the agent, servant and/or employee of each of the other Defendants, and that all of the acts alleged to have been done by each of them were authorized, approved and/or ratified by each of the other Defendants.

**JURISDICTION AND VENUE**

14.     This action as hereinafter more fully appears arises under the Federal Trademark Act of 1946 (15 U.S.C. §§ 1051-1127), and is for Federal trademark infringement and Federal unfair competition; and common law unfair competition.  Jurisdiction for the First and Second Claims for Relief is based upon 28 U.S.C. §§ 1331, 1338(a) and (b) and 15 U.S.C. §1116 and §1121. Jurisdiction in this Court over the Third Claim for Relief is proper pursuant to supplemental jurisdiction under 35 U.S.C. §1367 because the third Claim for Relief arises under

Pennsylvania law and is based upon a common nucleus of operative facts with the First and Second Claims for Relief, such that Plaintiff would ordinarily be expected to try all claims in a single judicial proceeding.  Jurisdiction for all causes of action is also appropriate based upon 28 U.S.C. § 1332, since the parties are citizens of different states and the amount in controversy, upon information and belief, exceeds $75,000.00, exclusive of interest and costs.

15.    Personal Jurisdiction over the Defendants is proper, as upon information and belief, the Defendants have continuous and systematic contacts with the state of Pennsylvania and Defendants or their agents have purposefully directed their activities to residents of the State of Pennsylvania, and such activities have resulted in alleged herein.  Upon information and belief, Defendants have engaged in intentional actions and acts of infringement directed at residents of Pennsylvania through at least the offering of furniture under the names "Omnia Furniture   Group   LLC,"   and   the   operation   of   the   website   under   the   URL www.omniafurniture.com resulting in the complained of infringement of Plaintiff's registered trademark OMNIA® and related common law trademarks, all of which are forum-related actions Defendants knew or should have known would cause harm to Plaintiff as alleged herein.

16.    Venue is proper in this judicial district pursuant to at least 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to these claims arose in the Western District of Pennsylvania.

## BACKGROUND OF THE CONTROVERSY

17.    Plaintiff is and has for many years been engaged in the extensive development, advertising, and marketing of furniture  and  furniture-related services, and has previously used

in interstate commerce and in the Commonwealth of Pennsylvania the trademark OMNIA and variations of such mark in connection with such goods and services.

18.    The United States Patent and Trademark Office on February 26, 2002 granted a federal trademark registration to Plaintiff for the trademark "OMNIA," shown below:

# OMNIA

for wholesale showroom outlets, and wholesale outlets in the nature of tradeshow displays, both featuring leather furniture for purchases selection, and for custom manufacture of leather furniture, as Registration No. 2,542,250.  A true and correct copy of this trademark registration is attached hereto as **Exhibit 1** and is incorporated herein by reference.  Said registration, owned by Plaintiff, is in full force and effect, and has become incontestable pursuant to 15 U.S.C. § 1065.

19.    In addition to the registered mark OMNIA (stylized), plaintiff is also the owner of the word mark OMNIA and variations of the mark OMNIA used throughout the United States, including common law rights to the mark OMNIA (hereinafter, collectively, the "OMNIA Trademarks").

20.    Plaintiff has used and continues to use the OMNIA Trademarks in connection with furniture and furniture-related services since at least April 1, 1989.

21.    Plaintiff has expended substantial sums of money in advertising and promoting goods  and services under the OMNIA Trademarks, including but not limited to Plaintiff's website, www.omnialeather.com.  True and correct copies of printouts of representative pages from Plaintiff's website are attached hereto as **Exhibit 2.**

22.     As a consequence of Plaintiff's advertising, promotion, and use of the OMNIA Trademarks, that mark has developed secondary meaning identifying the business operated by Plaintiff.

23.     Notwithstanding Plaintiff's well-known and prior common law and statutory rights in the OMNIA Trademarks, Defendants, with at least constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072 with respect to the OMNIA Trademarks, and long after Plaintiff established its rights in such trademark, adopted and used the designations "Omnia Furniture," "Omnia Design Studio," and "Omnia Furniture Group LLC," (the "objected-to designations") and registered the website domain names www.omniafurniture.com and www.omniafurniture.net (the "objected-to domain names") for the purpose of the offering for sale in interstate and intrastate commerce of furniture and furniture-related services.   For example, upon information and belief, Defendant M. Harley is the listed registrant of the domain www.omniafurniture.net.  A true and correct copy of the domain name registration for the domain name www.omniafurniture.net is attached hereto as **Exhibit 3**. Said use of Plaintiff's trademark and confusingly similar variations thereof constitute trademark infringement and causes a likelihood of confusion, deception, and mistake.

24.     Upon information and belief, Defendants have willfully, and in conscious disregard of Plaintiff's trademark rights, adopted, used, and directed others to use Plaintiff's trademark.  Such use of the aforementioned terms is a direct and/or contributory infringement of Plaintiff's trademark, and constitutes unfair competition and deceptive trade practices.

25.     Upon information and belief, Defendants' websites www.omniafurniture.net and www.omniafurniture.com, through which Defendants will "sell across 48 states, offering a wide

range of price points and 'the current leading edge of furniture styles,'" are or will imminently become available throughout the United States, including the State of Pennsylvania and this Judicial District. See *Four industry vets launch Omnia Furniture*, attached hereto as **Exhibit 4**.

26.     Upon information and belief, Defendants offer for sale or imminently will offer for sale in intrastate and interstate commerce, in this Judicial District, furniture and furniture-related services. For example, Defendants have stated that they will "open [their] first physical Omnia Design Studio in August in a 3,300-square-foot building in the Pittsburgh suburb of New Brighton, Pa." *See* **Exhibit 4**.

27.     Upon information and belief, prior to adopting and using the objected-to designations, and prior to registering the objected-to domain names in connection with furniture and furniture-related services, the Individual Defendants, who describe themselves as having "combined... nearly 100 years of industry experience and 80 years involved in online marketing and sale of furniture," are believed to have learned that Plaintiff markets furniture and furniture-related services under the OMNIA Trademarks. *See* **Exhibit 4**.

28.     On or about April 6, 2016, Plaintiff sent a Cease and Desist letter to Defendants objecting to their infringement of Plaintiff's trademark. Despite such objections, upon information and belief, Defendants have continued to insist upon the use of, and in fact have continued to use the objected-to designations, in willful disregard of Plaintiff's trademark rights.

29.     Defendants' use or threatened imminent use of the objected-to designations and use or threatened imminent use of the objected-to domain names in connection with the sale of furniture and furniture-related services creates a likelihood that a false association will

be made between the goods and services marketed by Defendants and those of Plaintiff, and the trade and purchasing public are likely to be confused and believe that the goods and services marketed by Defendants are in some manner connected with, produced or provided by, or sponsored by Plaintiff.

30.     In view of the similarity between Plaintiff's trademark, and the objected-to designations and objected-to domain names used by Defendants, and particularly in view of the related nature of the uses thereof, Defendants use of the objected-to designations and website domain names constitutes and comprises matter which may disparage and falsely suggest a connection between Defendant's goods and services and Plaintiff.

31.     Defendants' use or threatened imminent use of the objected-to designations and use or threatened imminent use of the objected-to domain names in connection with the sale of furniture and furniture-related services constitutes misrepresentation of source of the goods and services offered in connection therewith and falsely suggests and association between the goods and services of Defendants and Plaintiff, with such false suggestion being known to and being intentionally fostered by Defendants for their commercial benefit.

## COUNT I
### (Federal Trademark Infringement)

32.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 31, as if fully set forth herein.

33.     This cause of action arises under the Federal Trademark Act, 15 U.S.C. 1051-1127, and is for trademark infringement involving the Defendants' use or imminent threatened use in commerce of the objected-to designations and objected-to domain names, which is an infringement of Plaintiff's registered OMNIA Trademarks in violation of 15 U.S.S. §1441.

34. The use or imminent threatened use of the objected-to designations and objected-to domain names by Defendants are so similar to Plaintiff's federally registered OMNIA Trademarks as to be likely to cause consumer confusion, deception, and mistake.

35. Upon information and belief, Defendants' adoption and usage of the objected-to designations and objected-to domain names is the result of willful copying by the Defendants of Plaintiff's OMNIA Trademarks.

36. Upon Information and belief, by their acts herein complained of, Defendants have made substantial profits to which they are not equitably entitled.

37. By the aforementioned acts herein complained of, Plaintiff has suffered great detriment in a sum which cannot be ascertained at this time, but which exceeds $75,000.00, excluding interest and costs.

38. Defendants, threaten to, and unless restrained, will continue the acts complained of herein, all to Plaintiff's irreparable damage, and it will be extremely difficult to ascertain the amount of compensation which would afford Plaintiff adequate relief.

## COUNT II
### (Federal Unfair Competition)

39. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 38, as if fully set forth herein.

40. This cause of action arises under the Federal Trademark Act, 15 U.S.C. 1051-1127, and is for federal unfair competition, specifically, 15 U.S.C. § 1125(a).

41. As hereinbefore alleged, Defendants have unfairly interfered with and damaged Plaintiff's rights in and to its trademark, and in the business and goodwill of Plaintiff conducted

under and in connection with Plaintiff's OMNIA Trademarks.  Thus, Defendants are engaging in unfair competition.

42.     Upon information and belief, Defendants' use of the objected-to designations and objected-to domain names is confusingly similar to Plaintiff's OMNIA trademarks, and is being done with willful and fraudulent purpose and with the intent of misappropriated and trading upon Plaintiff's goodwill and reputation.

43.     Upon information and belief, Defendants did the things herein alleged with the intent to injure Plaintiff and its business with conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff.

44.     Upon information and belief, by their acts herein complained of, Defendants have made substantial profits to which they are not equitably entitled.

45.     By the aforementioned acts herein complained of, Plaintiff has suffered great detriment in a sum which cannot be ascertained at this time, but which exceeds $75,000.00, excluding interest and costs.

46.     Defendants, threaten to, and unless restrained, will continue the acts complained of herein, all to Plaintiff's irreparable damage, and it will be extremely difficult to ascertain the amount of compensation which would afford Plaintiff adequate relief.

## COUNT III
### (Pennsylvania Common Law Unfair Competition)

47.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 46, as if fully set forth herein.

48.     This cause of action arises under the Common Law of the Commonwealth of Pennsylvania.

49.     Defendants have and/or imminently threaten to use in commerce designation that are identical and/or confusingly similar to the OMNIA Trademarks in connection with the sale, distribution, and/or advertising of furniture-related goods and services.

50.     Upon information and belief, Defendants' use of the objected-to designations and objected-to domain names constitutes the passing off of Defendants' goods and services as Plaintiff's.

51.     Upon information and belief, Defendants' use of the objected-to designations and objected-to domain names causes a likelihood of confusion or of misunderstanding as the source, sponsorship, approval, certification of Defendant's goods and services.

52.     Upon information and belief, Defendants' use of the objected-to designations and objected-to domain names causes a likelihood of confusion or of misunderstanding as to an affiliation, connection or association with, or certification by Plaintiff of Defendant's goods and services.

53.     Upon information and belief, Defendants' use of the objected-to designations and objected-to domain names represents that Defendants' goods and services have the sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have, or have a sponsorship, approval, status, affiliation, or connection that they do not have.

54.     By the aforementioned acts herein complained of, Plaintiff has suffered great detriment in a sum which cannot be ascertained at this time, but which exceeds $75,000.00, excluding interest and costs.

55.     Defendants, threaten to, and unless restrained, will continue the acts complained of herein, all to Plaintiff's irreparable damage, and it will be extremely difficult to ascertain the amount of compensation which would afford Plaintiff adequate relief.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

1.      Issuance of a preliminary injunction and a permanent injunction directing that Defendants, their agents and/or representatives, directly or indirectly, be enjoined and restrained, at first during the pendency of this action and, thereafter, perpetually:

A.      From using, in any manner such as a trademark or service mark, the designation OMNIA, or a term confusingly similar thereto, alone or in combination with any other word or words or design, in connection with the advertising, offer for sale or sale of any product or service;

B.      From using the term OMNIA, or a term confusingly similar thereto, alone or in combination with any other word or words, in any corporate name or limited liability company name;

C.      From passing off, inducing, or enabling others to sell or pass off any product or service under or in connection with the term OMNIA, or any term confusingly similar thereto;

D.      To assign the domain names www.omniafurniture.com and www.omniafurniture.net to Plaintiff;

E.      From committing any acts calculated to cause purchases to believe that any goods or services of Defendants are sponsored by, approved by,

{W0096861 1}                                              12

connected with, guaranteed by, or offered or sold by Plaintiff, or are under the control or supervision of Plaintiff;

F.      From otherwise unfairly competing with Plaintiff in any manner; and

G.      From directly or indirectly offering, providing, advertising, or promoting goods or services under the designation OMNIA, alone or in combination with any other word or words or design, or any term or phrase confusingly similar thereto.

2.      That Defendants within thirty (30) days after serving of judgment, with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendants have complied with Paragraphs 1A-1G, supra.

3.      That Defendants account for and pay over to Plaintiff all damages suffered by Plaintiff and all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, with the amount of damages of infringement to be increased pursuant to the provisions of 15 U.S.C. § 1117(a).

4.      That Defendants be required to pay Plaintiff's costs and disbursements in this action, including its reasonable attorneys' fees, as set forth in 15 U.S.C. § 1117(a).

5.      That Plaintiff be awarded pre-judgment interest on all profits and damages granted by this Court pursuant to 15 U.S.C. § 1117(a).

6.      That Plaintiff be awarded increased damages and attorneys' fees in accordance with the Federal Trademark Act.

7.      That the Court award reasonable attorneys' fees to Plaintiff.

8.     That the Court award exemplary and/or punitive damages to Plaintiff.

9.     That Plaintiff have and recover the costs and disbursements of this civil action.

10.    That Plaintiff have such other and further relief as this Court may deem just and

proper.

                                            JONESPASSODELIS, PLLC


Date: May 12, 2016                    BY:   s/Marie Milie Jones
                                            MARIE MILIE JONES, Esquire
                                            PA I.D. No. 49711

                                            Gulf Tower, Suite 3510
                                            707 Grant Street
                                            Pittsburgh, PA  15219
                                            Phone:  (412) 315-7272
                                            Fax:  (412) 315-7273
                                            E-Mail: mjones@jonespassodelis.com

                                                    AND

                                            Matthew A. Newboles, Esquire
                                            William J. Brucker, Esquire
                                            Gregory K. Clarkson, Esquire
                                            STETINA BRUNDA GARRED & BRUCKER
                                            75 Enterprise, Suite 250
                                            Aliso Viejo, CA 92656
                                            Phone: (949) 855-1246
                                            Fax: (949) 855-6371
                                            E-Mail: litigate@stetinalaw.com

{W0096861.1}                                14